UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTHONY NELSON CRUZADO,

                          Petitioner,

-against-

FLORIDA DEPARTMENT OF CORRECTIONS; MR. LENE, WARDEN AT SUWANNEE CORRECTIONAL INSTITUTION,

                          Respondents.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 08/19/2025

25-CV-4433 (NSR)

TRANSFER ORDER

NELSON S. ROMÁN, United States District Judge:

Petitioner, currently incarcerated at Suwannee Correctional Institution in Live Oak, Florida, brings this *pro se* petition for a writ of *habeas corpus* under 28 U.S.C. § 2241. For the following reasons, this petition is transferred to the United States District Court for the Middle District of Florida.

In order to entertain a *habeas corpus* petition under 28 U.S.C. § 2241, a court must have jurisdiction over the custodian. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494-95 (1973) (writ of *habeas corpus* does not act upon the prisoner who seek relief, but upon his or her custodian). Thus, the jurisdiction of a *habeas* petition challenging a petitioner's physical confinement generally lies in the district of his confinement. *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004). Petitioner is currently incarcerated in Suwannee County, which is located in the judicial district of the United States District Court for Middle District of Florida. 28 U.S.C.

§ 89(b).[1] Therefore, in the interest of justice, this Court transfers this petition to the United States District Court for Middle District of Florida. *See* 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Middle District of Florida. Whether Petitioner should be permitted to proceed further without payment of fees is a determination to be made by the transferee court. This order closes the case in the Southern District of New York.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is respectfully directed to terminate the motion at ECF No. 3, mail a copy of this endorsement to the *pro se* Petitioner at the address listed on ECF, and to show service on the docket.

SO ORDERED.

Dated: August 19, 2025
White Plains, New York

NELSON S. ROMÁN
United States District Judge

---

[1] Petitioner submitted a motion (ECF 3), stating that he did not know why the petition was filed in the Southern District of New York, and requesting that it be transferred to Florida if this Court did not have jurisdiction.